WILLIAM H. DELAY and others, Appellants, v. WILLIAM W. CHAPMAN, Administrator of the estate of James L. Loring, Respondent.

1. The amendment to section ninety-three of the Code makes a radical change in practice, allowing equitable defenses to be made in actions at law.
2. The amendment is not in violation of section twenty-two article four of the Constitution.
3. It does not affect section 329 of the Code in the way of repeal, nor does it revise chapter five of the Code.

PLAINTIFFS, appellants brought an action of ejectment, claiming to have the legal title to the lands described in the complaint, and demanding the possession thereof as against the defendant, Chapman, and his tenant, who are in the possession. The defendant, Chapman, who represents himself as administrator of the estate of James L. Loring, deceased, answered the complaint: 1st. He sets out that he is administrator of said Loring; 2d. It is not true, as alleged in the complaint, that appellants are the owners, and entitled to the possession, &c., denying generally the allegations of the complaint; 3d. Defendant, for further answer, says that said James L. Loring, in his lifetime, having the necessary personal qualifications, &c., became a settler on the lands in question, as a donee of the government of the United States, under the act of Congress of the 27th September, 1850, commonly called the donation law of Oregon; that said Loring settled on said land in April, 1852; that it was at that time vacant land of the United States; that on the 28th day of April, 1852, he duly filed his notification with the surveyor-general of Oregon, as required of a settler under the provisions of said act, and that he did everything required of him as a donation claimant up to the time of his death, which occurred in January, 1853. It is claimed by the defendant, Chapman, that

said land, by virtue of such settlement, and cultivation, and residence thereon, became, on the death of said Loring, a part of his estate, and descended to his heirs; and that he, defendant, took lawful possession thereof as administrator of Loring's estate, under the laws of Oregon, and that he still retains the same; that, as such administrator, on behalf of the heirs-at-law of said Loring, he did make the necessary proofs of compliance with the requirements of said act of Congress, by said Loring up to the time of his death, to entitle his heirs to a patent therefor, as required by the eighth section thereof, and that a patent certificate for said lands was duly issued to the heirs-at-law of said Loring, and delivered to defendant as administrator of said estate. The answer further charges, that Joshua Delay and Sarah Delay, the father and mother of William H. and Joseph Delay, the plaintiffs in their lifetime, and the plaintiffs since their decease, by certain false and fraudulent proofs made by them to the officers of the land department, succeeded in obtaining the issuance of a patent to plaintiffs William H. and Joseph Delay for the lands in controversy, as heirs-at-law of said Joshua and Sarah Delay, and, upon the false assumption that said Joshua and Sarah were the true and *bona fide* settlers on said lands, and had complied with said act to the time of their decease; which said issuance of said patent was and is a fraud upon the heirs of said Loring, and upon defendant's rights in administration aforesaid. The answer further charges, that plaintiff, Stout, if he purchased at all, purchased with a full knowledge of defendant's rights, and of the fraud alleged as aforesaid. The answer concludes with a prayer on behalf of said heirs and said estate, that said patent be canceled, and that the rights of the heirs-at-law of said Loring in said lands be ascertained and established, and the plaintiffs be forever barred from setting up any claim to said lands under the said patent to the heirs of said Joshua and Sarah Delay. The plaintiffs filed a demurrer to that part of the answer of the defendant which sets up an equitable

defense, and insists that such a defense cannot be interposed in an action of ejectment. The answer is filed under the amendment to the Code of 1866, to section 93, which as amended reads as follows: "A material allegation in a pleading is one essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient. When the facts stated in the pleadings present a case cognizable in a court of law, the case shall proceed as an action at law ; but if the facts stated, either by the plaintiff or defendant, show a case requiring the interposition of a court of equity, the case shall proceed as a suit in equity." That part of this section from and including the word "when" is the amendment, which is simply an addition to the section, making a radical change in the practice. The court below overruled the demurrer, and made a decree in favor of defendant, and this case comes here on the issues raised by demurrer to the answer.

*Stout & Reed*, for appellants:

We assume that the amendment, or what is claimed to be one to section 93, is void.

If not so, then in cases such as respondent makes, the Code provides a special remedy, which is ample for his protection. (*Section* 501, *Code.*)

Again, if an entirely new case is to be made by the answer, it gives to the defendant the position of plaintiff, and our reply the nature of an answer, and we are required to prove our allegations when not denied by respondent.

*Mitchell, Dolph & Smith*, for respondent:

The facts set up in defendant's answer would be sufficient to entitle him to invoke the power of a court of equity in canceling plaintiff's patent. (*Section* 501, *page* 273, *Code.*)

The defendant is entitled to the same relief here as he would be were he plaintiff in a suit in equity. (*Page* 12, *Session Laws of* 1866, *section* 1.)

Delay *v.* Chapman.

BOISE, C. J.  The alleged amendment to section 93 of the Code simply provides that when, in any stage of the pleadings in the case, the facts show, that, to determine the rights of the parties, the interposition of a court of equity is required, the case shall proceed as a suit in equity, without requiring the party to resort to his suit in equity in a formal manner.

It will allow equitable titles to be set up against legal titles in the same action.  There can be no doubt as to the meaning of the amendment.  The plaintiffs insist that this amendment is void because it was passed by the legislature in violation of *section 22 of article 4 of the State Constitution*, which provides : "No act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." The section is set forth at full length as amended.  It does not revise any act of the legislature, but simply introduces a new feature, into the practice, without abolishing any remedy that existed before.  Without this provision, a defendant in ejectment, who had the equitable title, in order to avail himself of it, would have to resort to his suit in equity, and seek to enjoin the plaintiff from proceeding with his action at law until the equitable suit of the defendant could be determined.  This statute is intended to allow him to interpose his equitable title by answer.  Though this amendment to section 93 virtually unites actions at law, and suits in the same case, it does not violate *section 22, article 4 of the Constitution*, or any other constitutional provision.

It is an effort by the legislature to simplify judicial proceedings, and the law making power has the right to make the effort ; and it is the province of the court to execute their enactments in good faith, though they may encroach on the forms of established practice.

It is claimed that the amendment is a repeal of *section 329 of the Code ;* and that if it does so operate, it is a violation of *section 22, article 14 of the Constitution*.

We think this conclusion does not follow, for, if it be a repeal of section 329, it repeals it by implication, and it is neither a revision or amendment of it. Neither is it a revision of *chapter 5 of the Code;* for the remedy there provided still remains in full force, and can be resorted to as formerly at the option of the party who seeks to avail himself of an equitable defense.

We think, therefore, that this answer can be interposed in that form used in the pleadings, and therefore judgment below is affirmed.