[Filed November 23, 1887.]

## J. H. OATMAN, RESPONDENT, v. A. G. EPPS, APPELLANT.

EQUITY—APPEAL.—Error in sustaining a demurrer to a complaint in the nature of a cross-bill filed by a defendant in an action at law cannot be inquired into upon an appeal from the judgment recovered in the law case. The proceedings at law should have been disregarded by the defendant, and the appeal taken from the decree in the equity case.

SAME—COMPLAINT IN THE NATURE OF A CROSS-BILL—EFFECT OF FILING—PRACTICE.—When a defendant in an action at law files a complaint in the nature of a cross-bill, asking equitable relief, he institutes a suit which must be determined before any further proceedings in the law action can be had. The practice in such cases should be liberal. If it is necessary to a proper adjudication that a third person be made a party, the court should require this to be done, not dismiss the complaint.

APPEAL from Jackson County.    Affirmed.

*W. R. Andrews*, for Appellant.

The appellant was in possession of the premises at the time respondent acquired his pretended title, and demand was necessary. (*Wright* v. *Lewis*, 13 East, 210; *Doe* v. *Jackson*, 1 Barn. & C. 448; *Dennis* v. *Wardner*, 3 Mon. B. 173; *Stakehouse* v. *Doe*, 5 Blatchf. 570; *Costigan* v. *Wood*, 5 Cranch C. C. 507.)

*H. K. Hanna*, for Respondent.

THAYER, J.—This appeal comes here from a judgment of the Circuit Court for the county of Jackson. The respondent

commenced an action in that court against the appellant to recover the possession of certain real property, alleging in his complaint that he was the owner thereof in fee, and that the appellant wrongfully withheld the same from him.   The appellant filed an answer to the complaint, denying the respondent's ownership of the property, and also filed a complaint in equity in the nature of a cross-bill, as provided by the Code.   The respondent demurred to the complaint, and the court sustained it, and dismissed the complaint.   The proceedings in the action at law were then taken up, and finally resulted in the respondent recovering a judgment against the appellant to the effect that he was entitled to the possession of the property, from which judgment the appeal was taken.

The object in taking the appeal was to obtain a review of the decision of the Circuit Court upon the demurrer to the complaint in equity.   The counsel for the appellant was led to believe, I suppose, that the decision could be reviewed as an intermediate order, involving the merits and necessarily affecting the judgment, and he specified the said decision as a ground of error.   But an examination of the Code will show that when such complaint is filed it stays the proceedings at law, and the case thereafter proceeds as a suit in equity, and in which said proceedings at law may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree.   The effect of filing such a complaint is the commencement of a suit in equity, which subordinates the proceedings at law, until the relief arising out of the facts requiring the interposition of a court of equity, and material to the defense in the action at law, is obtained.

The proceeding is wholly independent of and separate from the proceedings at law, although its object is to obtain relief that can be made available as a defense to the law action; not by way of plea or answer, but through the plenary power of the court, sitting as a court of equity.   For instance, A commences an action against B to recover the possession of real property. The former has the legal title to the property, while the latter has the equitable title to it, but cannot assert it in the law

action; he therefore files a complaint in equity, with his answer at law, to obtain a decree that the legal title be conveyed to him, or that his right be determined, and that the plaintiff in the law action be enjoined from proceeding therein. By that means a defendant in an action at law may have the benefit of an equitable defense, and the two procedures, law and equity, be kept separate and distinct.

When a defendant in a law action files such a complaint, he institutes a suit which.must be determined before any further proceedings in the law case can be had; and if he is unsuccessful in the Circuit Court in his equity case, and desires that a review of the decision of that court be had in this court, he must appeal the same as in the other equity suit. He has no occasion to look after the action at law until he exhausts his efforts to obtain the equitable relief sought. The former remains dormant during the interval, and cannot be pursued until the latter is finally terminated. But he cannot wait until the law action is tried, and by appealing from the judgment therein have the decree in the equity case reviewed. The judgment at law and the decree in equity are entirely distinct, and cannot be grouped together, as the mode of review of the two may be entirely different; one comes here upon pure questions of law, the other may come on a question of fact, and the review be a trial *de novo*.

Some matters were discussed at the hearing which we are not required to consider, but we would suggest that the practice in cases of this character ought to be liberal. A technical view in such cases serves no purpose, except to deny a party justice, or at least, impress him with a belief that he has been unfairly dealt by. It would have been much more in consonance with equity in this case to have retained the complaint filed by the appellant, and ascertained whether or not the allegations contained therein were true. If they were true, the appellant was clearly entitled to relief; it would have been a denial of justice to hold otherwise. If the fact of Jane Epps not being a party to the litigation interfered with or embarrassed the adjudication of the rights of the parties, the court should have required that

she be brought in and made a party. Equity is no narrow, cramped affair. It is expansive in its nature, and adapts itself to all manner of complications.

It is said that when Chancellor Kent entered upon the discharge of the duties of chancellor of the State of New York, he threw the doors of his court wide open. He changed the stinted policy that regarded formalities and niceties into a broad system of jurisprudence, extended it so as to afford a practical and efficient remedy in all cases where the common-law remedy was inadequate and incomplete. By such a course he conferred a lasting benefit upon all English-speaking people, while if he had contented himself in haggling over trifling doubts, and in making hair-splitting distinctions, his reputation as a jurist would never have been known beyond the limits of his own State, or remembered by an after generation.

The errors alleged in the proceedings in the law case are untenable, and those in the equity proceeding cannot, for the reasons mentioned, be considered.

The judgment appealed from must therefore be affirmed.