[Filed May 1, 1890.]

# E. L. SCHEIFFELIN AND FANNIE SCHEIFFELIN, APPELLANTS, *v.* WILLIAM L. WEATHERRED, RESPONDENT.

CROSS-BILL—WHEN PERMITTED.—A defendant in an action at law has no right to file a complaint in equity, in the nature of a cross-bill, unless the complaint shows that he "is entitled to relief, arising out of facts requiring the interposition of a court of equity and material for his defense"; and where it appeared from the complaint filed in such a case that the facts alleged, if true, would be available as a defense in the action at law; *held,* that a general demurrer to the complaint was properly sustained.

APPEAL—WHEN IT LIES FROM DECREE DISMISSING CROSS-BILL.—*Held, also,* that a decree dismissing such a complaint after a demurrer to it had been sustained and the plaintiff had not answered over, was a final decision from which an appeal would lie to the supreme court.

APPEAL from Washington county: F. J. Taylor, judge.

The respondent commenced an action at law in the said circuit court against the appellants upon two promissory notes executed by them to the respondent and bearing date February 14, 1887, one of which was due in six months, and the other eighteen months from date; each bearing interest at the rate of ten per cent per annum; and upon which he claimed to be due the principal sum and interest, and the sum of $110 attorney fees.

The appellants filed an answer to the said complaint denying the amount claimed to be due upon the notes as claimed therein; denied that the sum of $110 was a reasonable attorney fee therein; denied that no part of the said notes had been paid; but alleged that the appellant E. L. Scheiffelin had paid the respondent $100, of which $31 was to be applied upon account, and that the balance, $69, was to be credited upon the notes; also the sum of $42. The said appellants, for a further answer, alleged that on the fifteenth day of November, 1886, the respondent was associated with one C. W. Ransom in the drug business; that said Ransom owned an undivided interest in a large number of accounts and notes of the probable value of $2,000, which were due and to become due to said Ransom and respondent; that on said fifteenth day of November, 1886, the said E. L. Scheiffelin, with the knowledge of respon-

dent, purchased of said Ransom his undivided half interest in said accounts and notes, and at the time of the execution of the notes in suit it was agreed between respondent and said Scheiffelin that the former was to retain possession of said accounts and notes, collect the same and apply the one-half so collected as credits upon the notes in suit; that he had collected thereon divers large sums, the amount of which was unknown to appellants, but he had failed to credit the same as agreed, and the appellants set out in the answer a long list of the names of persons and amounts which the respondent had collected from each.

The appellants further alleged that they had requested from respondent an accounting and settlement of the matter, but that he had neglected to render any account whatever thereof. And they further allege. that the crediting of the notes in suit, with one-half of all the sums collected by respondent upon said accounts and notes, and with the sums paid thereon, the same would be almost if not fully paid and discharged; that they had always been willing to pay respondent any balance that might be found due him upon an accounting between them; and they demanded as relief that the action be stayed and the respondent be compelled to account to appellants for all sums collected by him upon the said accounts and notes.

The respondent filed a reply to the said answer denying the new matter therein alleged; whereupon the appellants filed a cross complaint in equity, in which they alleged the purchase from the respondent of his stock in trade, consisting of all the goods, drugs and fixtures in a certain drug-store, which was the consideration for the two promissory notes sued upon in the action at law, also another note executed by them to respondent and which they had since taken up.  They further alleged in the cross-complaint that the said respondent falsely represented to them that he had invoiced said stock of goods and that the invoice price or value thereof was $1,400, which he knew to be false, and that it did not exceed $800; that they were

induced to purchase the same through said false representation.

Said appellants further allege, substantially, the said matters set forth in their answer to the complaint in the action at law, and demand that the respondent be compelled to account for all of said matters, and that the said notes sued upon be surrendered up.

The respondent filed a demurrer to the said cross-complaint, demurring to certain portions thereof, and to the whole of the same, upon the grounds that the allegations contained therein did not constitute a cause of suit.

The circuit court sustained the demurrer and decreed that the said complaint be dismissed; which is the decree appealed from herein.

*Thos. H. Tongue*, for Respondent.

*S. B. Huston*, for Appellant.

THAYER, C. J., delivered the opinion of the court.

The respondent's counsel insisted at the hearing that the appeal herein would not lie; that the cross-complaint was merely auxilliary to the defense in the action at law, and that the decision upon the demurrer was only interlocutory; but it will be observed from an inspection of the language of the Code upon the subject that the filing of a complaint in the nature of a cross-bill stays the proceedings at law and the case therefore proceeds as a suit in equity. The suit in such a case is really as independent of the action at law as though it were commenced by original summons. The object of the provisions of the Code regulating the proceding was to avoid the necessity of waiting until the action at law was determined before equity jurisdiction was invoked; and it saved the necessity of procuring the issuance of an injunction to restrain the execution of the judgment at law. But whether the complaint contains facts sufficient to entitle the appellants to the relief claimed is a much more difficult question to solve in their favor. The Code provides that in an action at law, where the de-

fendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material for his defense, he may, upon filing his answer therein also as plaintiff file a complaint in equity, etc.   Unless, therefore, the relief sought does arise out of facts requiring the interposition of a court of equity, and material to the defense, the defendant is not entitled to file such complaint.

I was strongly impressed at the hearing with the belief that the appellants had not shown in their complaint such a state of facts as required the aid of a court of equity to render them available as a defense to the action upon the notes, and a further consideration of the case has confirmed me in that belief.

The matter of the alleged fraudulent representations claimed to have been made by the respondent to the appellants upon the sale by him to them of the drugs and other articles for the payment of which the notes were executed, and the matter of the alleged partial payments upon the said notes, are matters clearly cognizable at law, and the appellants are entitled to the benefit of them as a defense in said action.   Partial payments upon a note may, under the Code, be pleaded as payment *pro tanto* thereof.   And a fraud or warranty in the sale of goods could, before the Code, be set up as a recoupment of the plaintiff's claim in an action to recover the consideration price of the goods; and since then may be interposed as a defense by way of counter-claim, notwithstanding a promissory note was given for such price, where it had not been transferred to an innocent holder.   Nor do I see any difficulty in the appellants availing themselves of the matter of the alleged agreement of the respondent to collect the said accounts and notes belonging to him and said E. L. Scheiffelin and to apply one-half of the amounts collected as credits upon the notes sued upon, as a defense to the action upon said notes.

The appellants' counsel contended that it was necessary that the appellants have the aid of a court of equity in that matter in order to obtain a discovery; but that is no longer

an essential ground of equitable jurisdiction, although courts of equity may still retain jurisdiction for such purpose. The provisions of the Code are sufficiently broad to admit of as full a discovery at law in such a case as can be obtained in a court of equity.

The appellants do not, in my opinion, show by their complaint a case requiring the interposition of a court of equity, and material for their defense in the action at law.

The circuit court, therefore, properly sustained the demurrer, and the decree appealed from will be affirmed.