# CASES DECIDED

# SUPREME COURT

OF

# OREGON.

Argued 30 March, decided 20 April, 1903.

## FINNEY v. EGAN.

[72 Pac. 136.]

ACTION—EFFECT OF EQUITABLE CROSS-BILL AND DECREE THEREON.

Under B. & C. Comp. § 391, providing that in an action at law, where defendant is entitled to equitable relief, he may, on answering, file a complaint in equity, which shall stay the proceedings at law, and the case shall thereafter proceed as in equity, when such proceedings may be enjoined or allowed to proceed, the equity court does not obtain jurisdiction over the original action, but it remains simply in abeyance until the equity suit is decided, when it is either enjoined or released, and as to this latter alternative, the absence of a restraining clause in the decree is practically a permission to continue the original proceeding at law.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by James Finney against William H. Egan to recover the possession of certain real property and damages for its detention. The complaint, in effect, alleges that plaintiff is the owner in fee simple and entitled to the immediate possession of the following described premises: Commencing at a stone set at the southeast corner of the donation land claim of John Albright in township 6 south of range 2, west of the Willamette Meridian, said point being at the eastern terminus of an old fence; thence north 31 links, more or less, to a new fence built by the defendant; thence north, 78 degrees west, along

the line of said new fence, 23.45 chains; thence south, 12 degrees west, 31 links, more or less, to the line of said old fence; and thence south, 78 degrees east, along the line of said old fence, 23.51 chains, more or less, to the place of beginning; that defendant unlawfully entered said premises, ousted plaintiff therefrom, trampled and injured the growing grain, and threw down the fence thereon, to plaintiff's special damage in the sum of $150; and that he wrongfully withholds the possession thereof, to his damage in the sum of $100. The defendant, having filed an answer alleging that he was entitled to relief arising out of facts requiring the interposition of a court of equity and material to his defense, thereupon, as plaintiff, filed a complaint in equity in the nature of a cross-bill, averring the facts constituting his alleged right to the premises in controversy, and praying that the plaintiff herein might be enjoined from asserting any right thereto until this suit could be tried. Issue having been joined on the cross-bill, a trial was had, resulting in a decree fixing the line of the old fence as a boundary between Finney's and Egan's lands, and perpetually enjoining the latter from asserting any claim to said premises. The plaintiff herein, insisting that the suit in equity had not determined the question of damages to which he was entitled as a consequence of the alleged trespass, resumed the prosecution of this action, securing a judgment therein in the sum of $20, and the defendant appeals.          Affirmed.

For appellant there was a brief over the names of *William H. Holmes*, *Webster Holmes*, and *William M. Kaiser*, with an oral argument by *Mr. W. H. Holmes* and *Mr. Kaiser*.

For respondent there was a brief and an oral argument by *Mr. Peter H. D'Arcy*, *Mr. John A. Carson*, and *Mr. Geo. G. Bingham*.

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion of the court.

It is contended by defendant's counsel that by the interposition of the cross-bill the court secured jurisdiction of the subject-matter, and, having determined the controversy in the suit in favor of the plaintiff, had authority to determine what damages, if any, he sustained, and, not having done so, an error was committed by the court in permitting plaintiff to resume the prosecution of the action at law after the decree was rendered. The statute authorizing the procedure adopted to stay the trial of this action is, as far as deemed material, as follows: " In an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material for his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree": B. & C. Comp. § 391. The final decree did not enjoin further proceedings in the action at law, nor did it, in express terms, allow the action to proceed in accordance therewith. The damage Finney sustained by Egan's alleged removal of the fence, and the injury to the grain growing on the disputed premises was not in issue in the suit in equity, and hence no decree could have been rendered therein in relation to such damage, except to allow the action at law for the recovery thereof to be prosecuted for that purpose. The decree having been in Finney's favor, the failure to enjoin further prosecution of the action at law was, in our opinion, tantamount to an authorization to proceed to final determination therein for the recovery of damages for the injury sustained. Though the prosecution of the action

at law was stayed by the filing of the cross-bill, the court, in exercising its equitable jurisdiction, did not, under our system of procedure, thereby secure jurisdiction of the action, which remained in abeyance until the final decree was rendered: *Hill* v. *Cooper*, 6 Or. 181; *Oatman* v. *Epps*, 15 Or. 437 (15 Pac. 709). When the suit was terminated without any restriction in the final decree, the suspension of the action at law was necessarily ended, thus allowing the trial of the action to proceed to final determination of the remaining questions involved therein.

Believing that the court was authorized to try such issue, its judgment thereon is affirmed.    Affirmed.