Decided 27 June, 1904.

## FIRE ASSOCIATION *v.* ALLESINA.

[77 Pac. 123.]

INSURANCE— VACATING A FRAUDULENT AWARD AT LAW.
1. An appraiser's award of a loss by fire cannot be impeached for fraud in a law action.

FILING EQUITABLE CROSS COMPLAINT — DEFENSE AT LAW.
2. Whenever a defendant sued at law is entitled to relief arising out of material facts cognizable only in equity, he may with his answer at law tender a cross-bill in equity, even though the answer may have contained a complete defense. In such cases the test is whether the legal defense is as adequate and complete as the one that may be afforded in equity: B. & C. Comp, § 391.

From Multnomah : JOHN B. CLELAND, Judge.

In 1903, the defendant, John Allesina, brought an action at law against the plaintiff, the Fire Association of Philadel-

phia, a private corporation, to recover on a policy of insurance for $2,000, covering loss or damage by fire to a stock of umbrellas and parasols belonging to him in the City of Portland.   The complaint, after alleging the incorporation of the plaintiff and the issuance of the policy, averred that on the 28th of April, 1903, the property covered thereby was destroyed and damaged by fire ; that at the time there was $11,500 concurrent insurance thereon ; that soon after the fire and within the time named in the policy Allesina made due proof of loss as required, but that, as he and the plaintiff were unable to agree as to the amount thereof, an agreement for an appraisement was entered into as provided in the policy, an appraiser duly selected by each of the parties, and an umpire thereafter chosen by the two appraisers ; that the appraisers, with the assistance of the umpire, determined the amount of the loss and damage sustained by Allesina on account of the fire to be $13,562.18 ; that the plaintiff company refused to pay its portion of the loss, and denied liability under its contract. The plaintiff answered the complaint, denying the validity of the policy and the amount of the loss, and for an affirmative defense alleging that the policy was void (1) because of a chattel mortgage on the property at the time it was issued, and (2) the fraud and false swearing of the assured after the loss.   At the same time plaintiff filed a complaint in equity in the nature of a cross-bill to set aside and cancel the award.   The bill alleges, in brief, that in and by the policy it is provided that the entire policy shall be void in case of fraud or false swearing by the assured concerning any matter regarding the property or the nature thereof ; that after the fire the insurance company by its agent entered upon an investigation of the circumstances of the fire and the amount of the defendant's loss, with a view to determining, in accordance with the terms of the policy, the extent of its liability ;

that for the purpose of such investigation the agent requested the defendant to furnish him all the information he possessed regarding the amount, kind, and quality of the goods insured and destroyed, together with his books, bills, invoices, and other vouchers; that there were lost and destroyed by the fire 3,351 umbrellas, 505 parasols, and other goods in stock, amounting in value in the aggregate not to exceed $7,109.26, notwithstanding which the assured stated under oath, as part of his proof of loss, and on his examination in reference thereto, that the actual cash value of the property in the store at the time of the fire was between $18,000 and $19,000, and at various times during the investigation repeated such claims and demands ; that for the purpose of inducing the company to believe his statements to be true he exhibited to it false and fraudulent inventories, and false entries in his books; that such statements, inventories, and entries were made and exhibited by the assured for the purpose of causing the company to believe the amount of the loss to be much greater than the true amount thereof; that by reason of such excessive claims the assured and the company were unable to agree as to the amount of the defendant's loss, and the company, because of its ignorance concerning such false and fraudulent claims and demands, was induced to enter into the agreement for submission to the appraisers ; that by such submission it was agreed that the amount of the loss should be ascertained by Grant Phegley and H. R. Ramsdall, who should first select a competent and disinterested umpire to act with them in matters of difference only, and that the award of any two should be binding upon the parties: that the appraisers were unable to agree upon a mode of procedure, and referred the books and papers in their hands to the umpire, without having agreed upon any point, and without having made any investigation or

taken into consideration any evidence, except the sworn statement of the assured and his inventories, books, and invoices; that the appraisers explained their differences to the umpire and then withdrew, and thereupon the umpire, without hearing any evidence or making any investigation, excepting an inspection of the sworn statements and inventories of the assured, made and signed an award, which was subsequently agreed to by Phegley; that after the selection of Phegley as an appraiser, and before the award, the assured falsely and fraudulently stated and represented to him, without the knowledge, presence, or consent of the other appraiser, or the umpire, or of any representative of the company, that there were 810 parasols on hand in the store on January 1, 1903, that none of them had been sold since that date, but that all of them were lost and destroyed by the fire; that such statement was considered by Phegley and influenced his award, but plaintiff had no notice thereof, nor any opportunity to refute it; that the statements and alleged inventories of the assured were false and fraudulent, and were exhibited by the assured to the appraisers and umpire as evidence of the amount of his loss, with the purpose and intent thereby to cause them to make an award greatly in excess of his actual loss; that the appraisers and umpire were thereby deceived and misled, and based their award upon such false and fraudulent evidence; that the insurance company did not know, and could not with reasonable diligence until after the award was made have ascertained, that the statements and inventories so exhibited were false and fraudulent, but that, immediately after discovering such fraud, it notified the assured that it would not be bound by the award, or pay any sum whatever on account of the loss. On motion of the defendant the cross-bill was stricken out and the suit in equity dismissed. From this decree the insurance company appeals. REVERSED.

For appellant there was a brief over the names of *Veazie & Freeman* and *Wm. T. Muir*, with an oral argument by *Mr. J. Clarence Veazie* and *Mr. Muir*.

For respondent there was a brief and an oral argument by *Mr. Henry E. McGinn.*

MR. JUSTICE BEAN, after stating the facts in the preceding words, delivered the opinion of the court.

It is conceded that the cross-bill states facts sufficient to entitle the plaintiff in an independent suit to a decree setting aside and annulling the award of the appraisers selected by the company and the assured to determine the amount of the loss; but the contention is that, because the company answered in the law action brought against it by Allesina on the policy of insurance, setting up facts which, if true, would avoid the policy, it is not entitled to file a cross-bill to cancel the award.

1. There are two issues presented in the action at law: (1) The validity of the policy and the liability of the insurance company thereunder, and (2) the amount of the loss. The insurance company has a defense to the first at law, but as to the second it has no defense which it can make in the law action. The award of the appraisers cannot be impeached or set aside for fraud in a court of law: 1 Bigelow, Fraud, 96; 2 Story, Equity (13 ed.) § 1452 ; *Robertson* v. *Scottish Union Ins. Co.* (C. C.) 68 Fed. 173 ; *North British Ins. Co.* v. *Lathrop*, 70 Fed. 429 (17 C. C. A. 175).

2. The only remedy of the company, so far as the amount of the loss is concerned, is in equity, and we think it had a right to file a complaint in the law action in the nature of a cross-bill to set aside and annul the award, so that it might be permitted to litigate the amount of the loss, if it failed to establish its defense against the policy. The statute provides that in an action at law, if the defendant is entitled to relief arising out of facts requiring the inter-

position of a court of equity and material to his defense, he may, upon filing his answer therein, also file a complaint in equity in the nature of a cross-bill, which shall stay the proceedings at law, and the cause thereafter shall proceed as a suit in equity, in which the law action may be perpetually enjoined, or allowed to proceed in accordance with the final decree: B. & C. Comp. § 391. It is sometimes urged that the approved practice under the statute denies a defendant in a law action the right to file a cross-bill if his answer sets up a defense, even though he may be entitled to relief arising out of facts requiring the interposition of a court of equity and material to his defense. But we do not so interpret the provision of the statute authorizing a defendant in a law action to file a cross-bill. It was incorporated in the Code of Civil Procedure by the amendment of October 22, 1870 (Laws. 1870, p. 30), and was thought necessary because the distinction between law and equity had been retained, so that a defendant in a law action could not assert an equitable defense, but, if entitled to relief in equity, was compelled to resort to an independent suit. The purpose of the amendment was to obviate this inconvenience, and to enable a defendant in a law action to make a defense, either entire or partial, not cognizable at law. The only condition to the exercise of the right is that he is entitled to relief arising out of facts requiring the interposition of a court of equity and material to his defense. The right to file a cross-bill is not made to depend upon whether he had a defense at law, but whether such defense is as full, complete, and adequate as that in equity. The law provides that upon filing his answer a defendant may, as plaintiff, file a complaint in equity in the nature of a cross-bill whenever he is entitled to relief arising out of facts requiring the interposition of a court of equity and material to his defense. He is thus obliged to answer in the law

action before he can file a cross-bill, and in so answering
he may, we think, set up any defense that he may have.
The mere filing of the answer will not deprive him of the
benefit of the facts stated in the cross-bill, if they are other-
wise sufficient to entitle him to relief in equity. The stat-
ute does not require him to file a statement that he has
no defense at law, and such a pleading would not be an
answer.

Section 73, B. & C. Comp., provides that the answer of
the defendant shall contain: (1) A specific denial of each
material allegation of the complaint controverted by the
defendant, or of any knowledge or information thereof
sufficient to form a belief; (2) a statement of any new
matter constituting a defense or counterclaim, in ordinary
and concise language, without repetition. This statute was
in force at the time of the amendatory act of 1870 giving
a defendant in a law action the right to file a cross-bill,
and it would seem logically to follow that the answer re-
ferred to in the act of 1870 means the ordinary answer
required of a defendant and made legally necessary by
the statute. Such an answer may tender upon its face a
full or partial legal defense, but the cross-bill may show
that there are facts necessary to a full and complete de-
fense to the relief sought which require the interposition
of a court of equity and which cannot be successfully in-
voked in the law action. In such case the defendant is
entitled to relief in equity, and may file a complaint in
that forum in the nature of a cross-bill. Under our sys-
tem a defendant is entitled to set up as many defenses as
he may have, and, if one of them is at law and another
in equity, he may, if he sees proper, set his legal defense
up by answer and at the same time file a complaint in
equity in the nature of a cross-bill, setting forth his equi-
table defense, or he may depend alone upon his legal de-
fense, and, if unsuccessful, resort to an original suit to

enforce his equitable rights: *Hill* v. *Cooper*, 6 Or. 181; *Spaur* v. *McBee*, 19 Or. 76 (23 Pac. 818); *McMahan* v. *Whelan*, 44 Or. 402 (75 Pac. 715). In most jurisdictions a defendant is entitled to plead in one answer all the defenses he may have, whether legal or equitable. With us, however, the distinction between law and equity prevails, and an equitable defense cannot be joined with a legal one. If, however, in a law action, a defendant is entitled to relief arising out of facts requiring the interposition of a court of equity and material to his defense, he may accomplish practically the same purpose by filing a complaint in equity in the nature of a cross-bill. When a proper equitable defense is filed, the action is immediately stayed or suspended until the suit in equity is disposed of, and it is then permitted to proceed, if at all, in accordance with the decree: *Finney* v. *Egan*, 43 Or. 1 (72 Pac. 136). The only other substantial difference between our practice and that of other states is that with us the action at law and the proceedings in equity must, for the purpose of trial, appeal, etc., be treated as distinct proceedings: *Oatman* v. *Epps*, 15 Or. 437 (15 Pac. 709); *Scheiffelin* v. *Weatherred*, 19 Or. 172 (23 Pac. 898). We are of the opinion, therefore, that the defendant in the law action of Allesina against the Fire Association was entitled to file its cross-bill for the purpose of canceling and annulling the award on the ground of fraud, in order that it might be permitted to litigate in the law action the issue as to the amount of the loss.

Nor do we think the previous decisions of this court are to the contrary. The act permitting a defendant in a law action to file a cross-bill was first noticed in *Dolph* v. *Barney*, 5 Or. 191. That was an action of ejectment. The defendant denied plaintiff's title and set up title in himself, at the same time filing a cross-bill, which was stricken

45 OR.——11

out on motion. The plaintiff had judgment in the law action, and the defendant appealed, assigning as one of the errors the striking out of the cross-bill. In the opinion of the court it is said that the motion was properly sustained, and that a "cross-bill can only be allowed when the answer does not set up a complete legal defense." In the light of subsequent decisions, the question now under discussion was not before the court, as the appeal was from the judgment in the law action, which did not bring up for review the order striking the cross-bill from the files. Such was the decision in *Oatman* v. *Epps*, 15 Or. 437 (15 Pac. 709), and *Scheiffelin* v. *Weatherred*, 19 Or. 172 (23 Pac. 898). *Oatman* v. *Epps* was an action in ejectment. The defendant answered, denying plaintiff's title, and also filed a complaint in equity in the nature of a cross-bill. A demurrer to the cross-bill was sustained, and the complaint dismissed. The law action was then tried, resulting in a judgment for the plaintiff, and the defendant appealed. It was held that the order sustaining the demurrer and dismissing the cross-bill could not be reviewed upon an appeal from the judgment in the law action, Mr. Justice THAYER, speaking for the court, saying: "But an examination of the Code will show that when such complaint is filed it stays the proceedings at law, and the case thereafter proceeds as a suit in equity, in which said proceedings at law may be perpetually enjoined by final decree or allowed to proceed in accordance with such final decree. The effect of filing such a complaint is the commencement of a suit in equity, which subordinates the proceeding at law until the relief arising out of the facts requiring the interposition of a court of equity, and material to the defense of the action at law, is obtained." It will be noted that in this case the answer filed by the defendant in the law action set up a complete defense, but, notwithstanding this, Mr. Justice THAYER says: "A tech-

nical view in such cases serves no purpose, except to deny a party justice, or, at least impress him with a belief that he has been unfairly dealt by. It would have been much more in consonance with equity in this case to have retained the complaint filed by the appellant and ascertained whether or not the allegations contained therein were true. If they were true, the appellant was clearly entitled to relief. It would have been a denial of justice to hold otherwise. If the fact of Jane Epps not being a party to the litigation interfered with or embarrassed the adjudication of the rights of the parties, the court should have required that she be brought in and made a party. Equity is no narrow, cramped affair. It is expansive in its nature, and adapts itself to all manner of complications."

*Hatcher* v. *Briggs*, 6 Or. 31, was also an action in ejectment. Defendant answered at law, at the same time filing a cross-bill, which on the trial in equity was dismissed and the law action allowed to proceed. On the appeal taken from this decree, the court discusses at some length the proper construction of the section of the statute allowing a defendant in a law action to file a cross-bill, and the proper practice thereunder, concluding that the relief sought by the cross-bill may be either complete or partial, defensive or affirmative, and that the cases in other jurisdictions, where the distinction between actions at law and suits in equity has been abolished, may without impropriety be regarded as authority in determining the right of a defendant to file a cross-bill under our statute and the sufficiency of such pleading. *Hill* v. *Cooper*, 6 Or. 181, was a suit for the specific performance of an imperfect deed. Cooper had previously sued Hill in ejectment to recover possession of the property described therein. Hill had set up a defense to the legal title, and the case had gone against him. Cooper pleaded the judgment in the law action as a bar to the suit in equity, but the court held that

the fact that Hill had relied upon his legal defense did not debar him from afterwards demanding equitable relief in an independent suit. In the course of the opinion, by way of argument, the dictum in *Dolph* v. *Barney*, 5 Or. 191, is referred to with approval, although it was not necessary to a decision therein. The same may be said of *Scheland* v. *Erpelding*, 6 Or. 258, which was an action in *assumpsit* for the recovery of wages. The defendant denied liability, and for an affirmative defense alleged that plaintiff was not an employé of his, but that he and the plaintiff were partners, and at the same time filed a complaint in equity for a dissolution of the alleged partnership and for an accounting. The plaintiff answered the cross-bill, and the court held that, although a motion to strike out ought to have been sustained, he had by answering waived his right to insist upon the motion, and the suit was properly heard and determined as an original suit in equity. The matter set up in the cross-bill in this case was in no way material to the defense of the law action, and therefore could not properly have been entertained under our statute ; hence the allusion to the rule in *Dolph* v. *Barney* could not give added force to the statement or make it authority. The action was on an account; the defense that the parties were partners, which was a good and complete defense at law. The condition of the partnership account, if they were partners, or whether the partnership should be dissolved, were matters wholly irrelevant to the law action, and in no way material to a defense therein.

*South Port. Land Co.* v. *Munger*, 36 Or. 457 (54 Pac. 815, 60 Pac. 5), is the latest and most thorough consideration of the right of a defendant in a law action to file a cross-bill. This was an action of ejectment. The answer denied the plaintiff's title, and pleaded title in the defendant by adverse possession. The defendant filed a cross-bill, making the plaintiff and other parties defendants, for the pur-

pose of obtaining a decree curing a defect in one of the deeds in the chain of his record title.  A motion and demurrer to the cross-bill were overruled, and the defendant answered.  The court, speaking through Mr. Justice WOLVERTON, held, on authority of *Scheland* v. *Erpelding,* 6 Or. 258, that the motion and demurrer were waived by answering over; but the objection that the question was jurisdictional and could not be waived, because the defendant had a good defense at law, was considered at length, and the conclusion reached that the practice inaugurated by the statute authorizing a defendant in a law action to file a cross-bill and the remedy afforded thereby are "as broad as that which may be invoked by original bill, permitting even the use of such facts as constitute a partial defense only to the cause of action.  * *  By statutory intendment, therefore, the defendant in the law action is afforded such relief, either defensive or affirmative, entire or partial, as he would be able to insist upon in a court of equity, and, if the facts are such as to invoke equitable cognizance, the action at law may be stayed until · the equities are disposed of in the appropriate forum.  The remedy at law to which the statute alludes must be plain, adequate, and complete, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.  It is not enough that there is a remedy at law."

We conclude, therefore, that the previous opinions of the court, when construed with reference to the subjectmatter of the litigation and the question actually under consideration, are not in conflict with, but, on the contrary, tend to support, the doctrine that whenever a defendant in a law action is entitled to relief, either partial or entire, defensive or affirmative, arising out of facts requiring the interposition of a court of equity and material to his defense, he may, upon filing his answer, also as

plaintiff file a complaint in the nature of a cross-bill, which shall stay the proceedings at law until the issues presented by the cross-bill are disposed of. And it is no objection to such cross-bill that the defendant may have set up in his answer in the law action a defense to the action as full and complete as he may have in that forum; the vital question being whether the law defense is as adequate and complete as that in equity.

It is argued in this case, however, that the matters alleged in the cross-bill are also set up as a defense to the law action, and, if true, would defeat the policy, and therefore there is no need of a resort to equity to avoid the award. As we read the cross-bill, however, it sets up three grounds for avoiding the award: (1) Fraud in obtaining the agreement of submission, and false and fraudulent inventories, statements, books, and testimony submitted by the assured to the company and the arbitrators; (2) the misconduct of the assured and one of the arbitrators in privately discussing the merits of the case; and (3) that the award was made by the umpire and the appraiser without hearing any evidence or obtaining any information as to the amount of the loss, except the inspection of the false inventories, books, accounts, and statements of the assured. The first of these grounds is also set up as a defense in the law action, and, if true, would, under the terms of the contract of insurance, avoid the policy. The other two, however, are not pleaded in the law action, and would not constitute a defense therein, so that the cross-bill sets up two grounds for avoiding the award that are not presented and could not be litigated in the law action.

We are of the opinion, therefore, that the motion to strike out the cross-bill was improperly sustained, and that the decree of the court dismissing the bill must be reversed, and the cause remanded for such further proceeding as may be proper, not inconsistent with this opinion.

REVERSED.