### BRICE *v.* YOUNGER.
### BRICE *v.* COLLINGE.

(123 Pac. 905.)

**Courts—Supreme Court—Jurisdiction—Injunction on Appeal.**

An injunction will not be issued by the Supreme Court to enjoin a proceeding at law in which a cross-bill was filed, until final hearing upon appeal after dismissal of the cross-bill in view of Section 390, L. O. L., providing that the filing of a cross-bill shall stay the proceedings at law and the case shall thereafter proceed as a suit in equity, in which the proceedings may be perpetually enjoined by final decree or allowed to proceed; an injunction not being necessary to protect the appellate jurisdiction, and the continuance of the trial of the legal action being at plaintiff's peril.

From Multnomah:   CALVIN U. GANTENBEIN, Judge.

This is an action by C. G. Younger against George F. Brice.   Defendant filed a cross-bill, and Lee Collinge brought an action against George F. Brice.   From a decree dismissing the cross-bill of George F. Brice, he appeals.   C. G. Younger petitions for an order enjoining the proceedings at law pending appeal in the equity case.

PETITION DENIED.

*Mr. Benjamin E. Hayman, Mr. John M. Pipes,* and *Mr. George A. Pipes* for petitioner.

*Mr. W. Y. Masters* and *Mr. John Manning* for appellant.

Opinion by Mr. Chief Justice Eakin.

These two cases involve the same question. In the first, Younger commenced an action against Brice to recover damages, namely, the amount of money paid on a contract alleged to have been induced by fraud. Brice, upon filing his answer, filed a cross-bill, alleging matters that he contended constituted an equitable defense. A demurrer to the cross-bill was overruled. The defendant therein, Younger, answered, and the suit was tried, and upon findings of. fact the suit was dismissed. The action at law was allowed to proceed, and plaintiff appeals.

It is made to appear by affidavit upon the application of Younger that the law action has been set for trial in the circuit court for May 17th, and the plaintiff petitions this court for an order enjoining the proceeding at law pending final hearing upon appeal. This petition is resisted by defendant. From these facts we conclude that this is not a case in which an injunction should issue. An injunction is not necessary to aid or protect the appellate jurisdiction within the rule announced in *Livesley* v. *Krebs,* 57 Or. 355 (97 Pac. 718: 107 Pac. 460: 112 Pac. 1), and as distinguished in *Kellaher* v. *City of Portland,* 57 Or. 575 (110 Pac. 492: 112 Pac. 1076). See, also, *O'Brien* v. *O'Brien,* 36 Or. 92 (57 Pac. 374: 58 Pac. 892).

Although an injunction appears to have been issued by the circuit court, yet the necessity therefor is not apparent. By Section 390, L. O. L., the filing of the complaint in the nature of a cross-bill "shall stay the proceedings at law, and the case thereafter shall proceed as

in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed," etc.

This court, in *Oatman* v. *Epps,* 15 Or. 437-439 (15 Pac. 709, 710), speaking of the effect of a cross-bill, says: "When a defendant in a law action files such a complaint, he institutes a suit which must be determined before any other proceeding in the law case can be had; and if he is unsuccessful in the circuit court in his equity case, and desires that a review of the decision of that court be had in this court, he must appeal the same as in the other equity suit. He has no occasion to look after the action at law until he exhausts his efforts to obtain the equitable relief sought. The former remains dormant during the interval, and cannot be pursued until the latter is finally terminated." See, also, *Fire Association* v. *Allesina,* 45 Or. 154, 162 (77 Pac. 123) ; *S. Portland L. Co.* v. *Munger,* 36 Or. 457, 467 (54 Pac. 815: 60 Pac. 5).

Whether the stay of the proceeding, which was accomplished by the filing of the cross-bill, is continued by the appeal, it is not necessary to decide, as held in *Oatman* v. *Epps,* 15 Or. 437, 439 (15 Pac. 709, 710), and as suggested in *Fire Association* v. *Allesina,* 45 Or. 166 (77 Pac. 127), which states that the cross-bill "shall stay the proceedings at law until the issues presented by the cross-bill are disposed of." But even if the circuit court shall permit the trial of the law action to proceed pending the appeal, it will be at plaintiff's peril, for if the appellate court shall reverse the appeal and direct that the action be perpetually enjoined, he would be thereby deprived of the benefit of the judgment, if one is obtained, by such decree.

Therefore it is not necessary that an injunction shall issue to aid the jurisdiction or preserve the subject of the litigation, and the petition in each case is denied.

                                   PETITION DENIED.