DONART v. STEWART.

(126 Pac. 608.)

**Action—Equitable Defenses in Action at Law—Cross-Bill.**

1. Section 74, L. O. L., authorizing a defendant at law to set forth by answer as many defenses and counterclaims as he may have, does not sanction an equitable defense in an action at law, but defendant may, as authorized by Section 390, file a complaint in equity in the nature of a cross-bill, which stays proceedings at law until final determination of the suit in equity.

**Equity—Effect—Equitable Defenses in Action at Law—Cross Bill.**

2. Section 390, L. O. L., authorizing a defendant at law to file as plaintiff a complaint in equity in the nature of a cross-bill, and the case shall thereafter proceed as a suit in equity, contemplates a conjunction of the action at law and the suit in equity, but the proceedings are separate and independent, and a decree dismissing the suit and allowing the action at law to proceed severs the union assumed; and, where the suit is dismissed without any provisions respecting the proceedings at

law, the action at law is allowed to proceed to final determination as though an order had been made to that effect.

*Appeal and Error—Separate Appeals—Dismissal of Cross-Bill.*

3. Where a defendant at law filed a complaint in equity in the nature of a cross-bill, as authorized by Section 390, L. O. L., and the suit in equity was dismissed and judgment was rendered against defendant at law, he must take two appeals, one from the decree dismissing the suit in equity and the other from the judgment at law, and, where judgment is rendered against plaintiff at law pending an appeal from a decree dismissing the suit in equity, he must take an appeal to protect his interests.

*Appeal and Error—Statutory Right.*

4. The right of appeal is wholly statutory, and the mode prescribed in the statute authorizing an appeal measures the power of appeal.

*Appeal and Error—Undertaking on Appeal—Necessity.*

5. Where a defendant in forcible entry and detainer filed his answer, and also as plaintiff, a complaint in equity in the nature of a cross-bill on which issue was joined and trial had, and the suit in equity dismissed without making any provision as to the action in forcible entry and detainer, the dismissal of the suit was not a decree for the recovery of the possession of real property or for the enforcement of rights specified in Section 551, subd. 2, L. O. L., and the court could not require an undertaking on appeal conditioned on the payment of the value of the use and occupation of the premises pending the appeal.

*Appeal and Error—Undertaking—Construction.*

6. Whether an undertaking conditioned to pay the value of the use and occupation pending an appeal given by defendant in forcible entry and detainer appealing from a decree dismissing his complaint as plaintiff in equity in the nature of a cross-complaint was based on a valuable consideration and voluntarily executed, and enforceable as a common-law obligation, can be determined in an action on the undertaking.

From Klamath:   HENRY L. BENSON, Judge.

*Messrs. Kuykendall & Ferguson* for the Motion to correct Mandate.   *Mr. J. C. Rutenic, contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a motion to recall a mandate. An action of forcible entry and detainer was instituted by the defendants herein to recover the possession of a building. The defendants in that action upon filing their answer therein also as plaintiffs filed a complaint herein in equity in the nature of a cross-bill, whereupon the proceedings at law were immediately stayed, and the cause was thereafter treated as a suit in equity. Issue was joined on the cross-bill, and, a trial being had, the suit was dismissed, but the final decree made no provision respecting any proceedings in the law action. From the dismissal of the suit the plaintiffs appealed, and, pursuant to an order of the trial court, the undertaking on appeal stipulated *inter alia* that the plaintiffs and their sureties would pay to the defendants the value of the use and occupation of the demanded premises until the delivery of the possession thereof, not exceeding the sum of $600. The appeal having been tried, the decree was affirmed, whereupon a mandate was sent down directing the trial court to ascertain, by proper proceedings, the value of the use and occupation of the building from the time of the original decree, and to award a recovery of the sum so to be determined against the plaintiffs and their sureties.

It is maintained by plaintiffs' counsel that the direction alluded to is unauthorized, and, this being so, the mandate should be recalled and the language complained of eliminated. The question suggested challenges the power of a trial court, when the recovery of the possession of real property is not adjudged, to prescribe the amount of an undertaking on appeal so as to include the value of the use and occupation of premises pending a review of a cause, and involves the procedure to be observed when a suit in equity, instituted to stay proceedings in an action at law, is dismissed.

1. A defendant in a law action is permitted to set forth by answer as many defenses and counterclaims as he may

have.    Section 74, L. O. L.    However liberal this rule
might at first appear, the clause of the statute adverted
to, when construed in connection with another enactment,
does not sanction the interposition of equitable defenses
in law actions.    *Wilson* v. *Wilson,* 26 Or. 251 (38 Pac.
185) ; *Fire Association* v. *Allesina,* 45 Or. 154 (77 Pac.
123) ; *Zeuske* v. *Zeuske,* 55 Or. 65 (103 Pac. 648: 105
Pac. 249: Ann. Cas. 1912A, 557).    In the latter case Mr.
Justice EAKIN conclusively shows that a contrary ruling
in the case of *Delay* v. *Chapman,* 2 Or. 242, was based on
a statute which was thereafter amended, and is not now
in force.

Although an equitable defense is not thus available, a
defendant in a law action who desires to show why the
plaintiff should not recover or establish what he seeks
therein is not wholly remediless, for another regulation,
as far as material herein, reads:

"In an action at law, where the defendant is entitled
to relief, arising out of facts requiring the interposition
of a court of equity, and material to his defense, he may,
upon filing his answer therein, also as plaintiff, file a
complaint in equity, in the nature of a cross-bill, which
shall stay the proceedings at law, and the case thereafter
shall proceed as in a suit in equity, in which said pro-
ceedings may be perpetually enjoined by final decree, or
allowed to proceed in accordance with such final decree."
Section 390, L. O. L.

The procedure thus authorized is somewhat analogous
to the early practice which prevailed in courts of equity
of issuing injunctions to control proceedings at law, or
to stay the enforcement of judgments rendered therein,
in which cases the inhibition did not apply to the law
courts, but was directed to the parties litigant therein
who were governed by the mandatory writ. 2 Story's Eq.
Juris. (13 ed.) § 875.    The clause of the statute quoted
does not strictly comply with the original practice in that
the issuance of a restrictive writ is not essential, since the
mere filing of a complaint in the nature of a cross-bill

*ipso facto* stays further proceedings in the law action until the suit in equity is finally determined. Section 390, L. O. L.; *Scheiffelin* v. *Weatherred,* 19 Or. 172 (23 Pac. 898) ; *Finney* v. *Egan,* 43 Or. 1 (72 Pac. 136) ; *Brice* v. *Younger,* 63 Or. 4 (123 Pac. 905). The arrest of the proceedings in the action which thus results by operation of law is tantamount to the service of an interlocutory injunction, which, when dissolved by a dismissal of the suit in equity, is not revived by taking an appeal from the decree rendered therein. High, Inj. (3 ed.) § 1431. While admitting a want of harmony on this subject, owing to a contrariety of statutes, the author referred to states the general rule as follows:

"An appeal being merely the act of the party cannot of itself affect the validity of the order of the court, nor can it give life and force to an injunction which the court has decreed no longer exists. It follows, therefore, that an appeal from a decree dissolving an injunction cannot have the effect of reviving the injunction and of continuing in force by the mere act of the party appealing a judicial order which has been set aside." High, Inj. (3 ed.) § 1709.

2. It will be remembered that our statute declares that, when the prosecution of an action at law is stayed by the filing of a cross-bill, "the case thereafter shall proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree." Though a conjunction of the action and the suit is contemplated, the proceedings are nevertheless separate and independent. *Oatman* v. *Epps,* 15 Or. 437 (15 Pac. 709) ; *Scheiffelin* v. *Weatherred,* 19 Or. 172 (23 Pac. 898) ; *Fire Association* v. *Allesina,* 45 Or. 154 (77 Pac. 123). As the filing of a cross-bill operates theoretically to join an action at law and a suit in equity, a decree dismissing the suit and allowing the action to proceed in accordance therewith necessarily severs the union thus assumed, and hence an appeal from such decree does not revive what

is equivalent to the interlocutory injunction which was dissolved. From this principle it results as a corollary that, if the proceedings at law are perpetually enjoined, the unification of the action and the suit, which was brought about by the filing of the cross-bill, would not be disturbed by an appeal until the final decree was reversed. That a separation of the causes is effected in the manner indicated is evident from the fact that if, pursuant to the final decree, the law action is allowed to proceed to final judgment, an appeal therefrom does not bring up for review any ruling of the court made in the suit in equity. *Oatman* v. *Epps,* 15 Or. 437 (15 Pac. 709); *Scheiffelin* v. *Weatherred,* 19 Or. 172 (23 Pac. 898); *Fire Association* v. *Allesina,* 45 Or. 154 (77 Pac. 123). Where, as in the case at bar, the suit is dismissed without any provisions in the final decree respecting the proceedings at law, the action is thereby allowed to proceed to final determination as though an order had been made to that effect. *Finney* v. *Egan,* 43 Or. 1 (72 Pac. 136).

3. When such a suit is dismissed, what is regarded as the interlocutory injunction is thereby, in effect, dissolved permitting the action at law to proceed and the defendant therein if judgment be rendered against him will be compelled to take two appeals in order to protect his rights—one, from the final decree dismissing the suit, and the other from the final adverse determination of the action. If an appeal from a decree dismissing the suit stayed further proceedings at law, the determination of that cause on appeal might possibly settle the entire controversy, so that the necessity of taking two appeals might seem to impose on the plaintiff in the suit, who was defendant in the action, a more onerous burden than is placed on the adverse party. If only one appeal were essential, the practice assumed might result in resorting to cross-bills as a means for delay only, thereby preventing the plaintiff in the action from

obtaining a judgment until such appeal had been determined. In the case supposed the appeal would generally result in an affirmance of the decree brought up for review, and as the speedy determination of causes conduces to the peace of society, the general welfare of the community requires that the plaintiff in the suit should prosecute two appeals rather than to hinder the plaintiff in the action by useless delay. When the suit is dismissed and an appeal from the decree is taken, if thereafter and while the appeal is pending the action should be tried and a judgment rendered against the plaintiff therein, he would be compelled also to take an appeal in order to protect his interests.

4. An appeal is a right conferred by statute upon superior courts to review the final determinations of inferior judicial tribunals, when causes tried therein are properly brought up for that purpose, and in the transfer of such proceedings the mode prescribed in the enactment granting the privilege is the measure of the bestowed power in the exercise of which neither court nor party can restrict, enlarge, or diminish the authority given.

5. The statute, designating the manner of taking an appeal so as to secure a stay of proceedings is as follows:

"If the judgment or decree appealed from be for the recovery of the possession of real property, for a partition thereof, or the foreclosure of a lien thereon, that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if such judgment or decree or any part thereof be affirmed, the appellant will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding a sum therein specified, to be ascertained and fixed by the court or judge thereof." Section 551, subd. 2, L. O. L.

The dismissal of the suit in the case at bar was not a decree for the recovery of the possession of real property, or for the enforcement of any other right specified in the statute repeated, and, this being so, the order of the trial court fixing a maximum sum as indemnity for the use and occupation of the premises was unauthorized and void. *Kountze* v. *Omaha Hotel Co.*, 107 U. S. 378 (2 Sup. Ct. 911: 27 L. Ed. 609). In that case a decree foreclosing a mortgage on real property having been rendered, an appeal was taken, but the bond given for that purpose, instead of following the statutory requirement, "that the appellant shall prosecute his appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs," also contained the added clause that he should "pay for the use and detention of the property covered by the mortgage in controversy during the pendency of the appeal." In an action on the bond it was held that the words last quoted should be rejected, and the bond construed as having its ordinary and legal effect, and that the judge taking it had no right to exact such an addition to the condition of an appeal and supersedeas.

6. Whether or not the undertaking herein was based on a valuable consideration and voluntarily executed so as to make the condition to pay the value of the use and occupation of the premises enforceable as a common-law obligation against the sureties who are entitled to a strict construction of the language employed can be determined in an action brought on that instrument for such purpose. *Bunneman* v. *Wagner*, 16 Or. 433 (18 Pac. 841: 8 Am. St. Rep. 306); *Portland* v. *Bituminous Paving Co.*, 33 Or. 307 (52 Pac. 28: 44 L. R. A. 527: 72 Am. St. Rep. 713).

Believing that the order of the trial court requiring the plaintiffs and their sureties to give an undertaking on appeal conditioned to pay the defendants the value of the use and occupation of the building during the

pendency of the appeal was void, the mandate repeating such direction should be recalled and the language complained of stricken therefrom; and it is so ordered.

MANDATE RECALLED AND CORRECTED.