Argued October 6, affirmed November 10, 1914.

## OREGON SURETY & CASUALTY CO. *v.* PAULSON.

(144 Pac. 571.)

**Equity—Equitable Defenses to Legal Action—Cross-bill—Dismissal.**

1. Under Section 390, L. O. L., providing that complaints in equity in the nature of a cross-bill shall stay the proceedings at law, after the suit in equity has been dismissed the plaintiff in the action at law may proceed with his action, even though an appeal from the dismissal of the equity suit is pending.

[As to nature and objects of cross-bills, see note in 83 Am. Dec. 251.]

From Multnomah: William N. Gatens, Judge.

Department 2.   Statement by Mr. Justice Bean.

This is an action instituted by the plaintiff, Oregon Surety & Casualty Company, against the defendants,

A. F. Paulson and Josephine Paulson, his wife, for the recovery of the possession of lot 14, block 65, Irvington, in the City of Portland, Multnomah County, Oregon, and the sum of $1,000 damages for the detention thereof. The cause was tried by the court without a jury. A judgment for the plaintiff for the restitution of the property and for $680 damages was rendered, and the defendants appeal. It is alleged in the complaint, among other things:

"That heretofore the said plaintiff commenced a suit in the above-entitled court, wherein said plaintiff was plaintiff and the said defendants and others were defendants; that the said suit was commenced by plaintiff for the purpose of having certain deeds given by defendants Paulson and Paulson declared mortgages, and for the foreclosure of said mortgages; that said deeds and mortgages, among other real property covered and conveyed to said plaintiff lot 14, block 65, Irvington, according to the duly recorded plat thereof now on file in the office of the county clerk of Multnomah County, Oregon, and that said real estate is situated in the county of Multnomah and State of Oregon; that thereafter such proceedings were had in said suit that said deeds were decreed and declared to be mortgages, and a judgment was entered in said suit foreclosing said mortgages and ordering said real estate and other real estate to be sold to satisfy plaintiff's claim in said suit, amounting to over $16,000, and after said judgment in said suit was entered up the plaintiff caused execution to be issued in said suit and said real estate and other real estate sold upon said execution to satisfy said foreclosure decree, and that said real estate was sold upon said execution upon the 9th day of April, 1911, and that the plaintiff was the purchaser at said sale, and said real estate at said sale was sold to said plaintiff, and thereafter said sale was confirmed by the court, and a certificate of sale was issued to the plaintiff herein and delivered to it, and it is now the owner and holder of said certificate and in possession

thereof; and that said plaintiff is now the owner and entitled to the immediate possession of said real estate, and said defendants wrongfully withhold the same from said plaintiff, to its damage in the sum of $1,000.''

The defendants filed an answer, consisting of a general denial of the allegations of the complaint. Claiming to be entitled to relief arising out of facts requiring the interposition of a court of equity and material to their defense, they filed a complaint in equity in the nature of a cross-bill, attacking the decree in the mortgage foreclosure, and claiming that Oregon Surety & Casualty Company held title to the lot in trust for defendant A. S. Paulson. For a statement of the issues joined in that suit, see *Paulson* v. *Oregon Surety & Casualty Co.*, 70 Or. 175 (138 Pac. 838). The trial of the suit resulted in a decree in favor of the Oregon Surety & Casualty Company, defendant therein, dismissing the suit. The plaintiff in the suit duly perfected an appeal and filed a bond for costs and disbursements, and also for a stay of proceedings in the equity suit. After the appeal had been taken in the equity suit, this ejectment action was tried over the objections of the defendants, A. S. Paulson and Josephine Paulson.                                    AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Claude Strahan* and *Mr. Frank Schlegel.*

For respondent there was a brief over the name of *Messrs. Wilbur & Spencer* and *Mr. H. B. Beckett,* with an oral argument by *Mr. Beckett.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The only question raised upon this appeal by the defendants is that the court erred in proceeding to

hear and determine this action during the pendency of the appeal in the equity suit in the Supreme Court, under Section 390, L. O. L., which provides, among other things, that the filing of a complaint in equity in the nature of a cross-bill shall stay the proceedings at law. It is now the settled procedure in this state that, where a suit in equity in the nature of a cross-bill has been filed for the purpose of staying an action at law, such action is stayed until the determination of the suit in equity. However, after the suit in equity has been dismissed, and an appeal taken from such decree to the Supreme Court, the plaintiff in the action at law has a perfect right to proceed in the action and have his case heard and determined. The taking of an appeal in the equity case does not operate as a stay of proceedings in so far as the law action is concerned, where the decree appealed from is favorable to the plaintiff in the law action: *Finney* v. *Egan,* 43 Or. 1 (72 Pac. 136); *Donart* v. *Stewart,* 63 Or. 76, 81 (126 Pac. 608). In such cases the complaint in a suit in equity in the nature of a cross-bill and for a stay of the proceedings is regarded as in the nature of an injunction, which, when the same is annulled by a decree of the Circuit Court, leaves the plaintiff in the law action at liberty to proceed. The efficacy of any judgment obtained by so proceeding in the action at law, if in favor of the plaintiff therein, would depend upon the result of the decree upon the appeal in the suit.

We do not need to enlarge upon the clear enunciation of the reason for this practice made by this court in the case of *Donart* v. *Stewart,* 63 Or. 76, 81 (126 Pac. 608), speaking through Mr. Justice Moore. There was no error in the trial court proceeding to try this action prior to the determination of the suit in equity

upon appeal; and as the decree of this court in the equity suit was in favor of the Oregon Surety & Casualty Company, and adverse to the defendants herein, the judgment is in full force.

Finding no error therein, the same is affirmed.

AFFIRMED.

Mr. Chief Justice McBride, Mr. Justice Eakin and Mr. Justice Burnett concur.

---

Motion to dismiss appeal overruled December 2, 1913.
Argued on the merits July 21, reversed September 29, 1914.
Motion to strike out the amended bill of exceptions allowed September 15, 1914.
Rehearing denied November 24, 1914.