HENRY SCHELAND, APPELLANT, *v.* JOHN ERPELDING, RESPONDENT.

CROSS-BILL—NOT ALLOWED WHEN.—When a defendant, in his answer to an action, pleads a matter which is a defense at law, he cannot also as plaintiff file a complaint in equity in the nature of a cross-bill.

ENTIRE CONTRACT.—A contract which is for the sale of several distinct things, as for the sale of a town lot and personal property, but all for one consideration, is an entire contract, and not divisible except by the consent of both parties thereto and the making of a new contract.

WAIVER—COUNTER-CLAIM NOT DEMURRED TO.—When a counter-claim is pleaded by a defendant in a suit in equity, which counter-claim is not demurred to, but is denied by the plaintiff, all objection to the irregularity of the plea is waived.

CONTRACT—MAY BE RESCINDED.—When one party to a contract violates it, he cannot avail himself of its provisions against the other party, and such other party has a right to consider the contract rescinded.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*M. C. George and W. H. Effinger,* for appellant.

*C. M. Kincaid, W. W. Thayer and W. S. Newbury*, for respondent.

By the Court, BOISE, J.:

John Erpelding, the respondent and defendant in this suit, commenced an action in the circuit court of Multnomah county against Henry Scheland, the appellant and plaintiff. Said action was commenced on the eighteenth day of September, 1875, and was for the recovery of wages. Plaintiff in that action alleged that Scheland was indebted to him for wages as a cooper from August 15, 1873, to September 30, 1873, at fifty dollars, in gold coin, besides board and lodging, which was worth, as he says, for that time, twenty-five dollars, making in all the sum of one hundred dollars. He also claims wages as a brewer from October 1, 1873, to September 17, 1875, and alleges that said wages as brewer was reasonably worth one hundred dollars per month, besides board and lodging, which said wages as brewer are claimed to be worth two thousand three hundred and fifty dollars, in gold coin, of which the plaintiff has received from defendant on account, eighteen dollars and fifty cents. The respondent prayed for a judgment for the aggregate sum of two thousand four hundred and thirty-one dollars and fifty cents.

The appellant Scheland, in his answer puts in issue this indebtedness, and in a further and separate answer alleges that after May 1, 1874, Erpelding worked in the brewery not for Scheland, but as a partner of Scheland in the business; and alleges that from that time they were equal partners in the business of brewing. If this separate answer is true, then the plaintiff in the action could not recover for the time the partnership existed. So it seems Scheland had a complete defense against Erpelding in the claim for wages, and had no need to seek the aid of a court of equity for his defense.

But notwithstanding there was a complete defense made in the answer in the action of *Erpelding* v. *Scheland*, Scheland, the defendant in that action, immediately on filing his answer in the action against him, also as plaintiff filed

a complaint against Erpelding in the nature of a cross-bill to said action at law, in which cross-bill he alleges that on the first of May, 1874, he and defendant, Erpelding, did contract and agree to form a partnership, and enter into the business of carrying on brewing for the manufacture of ale, porter and beer as copartners; that in pursuance of said agreement they did form said copartnership on the first day of May, and began at once to carry on said business at a brewery in the city of Portland, which said brewery is the separate property of the plaintiff Scheland. Plaintiff in the cross-bill further alleges that the name of the said partnership was H. Scheland & Co., and alleges that the business was continued by them until the filing of the cross-bill; that no time was fixed in the agreement of partnership as to the time of its continuance; that the defendant refused to continue to carry on said business, and that defendant has misapplied the funds of the partnership. And plaintiff in said cross-bill refers to said action at law and asks that it be stayed, and that said partnership be dissolved and the business thereof settled by a decree of the court, and that all the matters between the parties before and after the first of May, 1874, be settled by a decree in this suit.

The respondent, Erpelding, answered this cross-bill, and denied specifically having made the contract as alleged in the cross-bill, and, as a defense to said cross-bill, set up another and different contract as follows: That on or about the twenty-fifth day of April, 1874, plaintiff and defendant made a verbal contract, the legal effect of which was that plaintiff agreed to sell to defendant and defendant agreed to purchase of plaintiff one undivided one half of plaintiff's brewery and the block of land upon which the same was situated and known as block 1 Caruther's Addition to the city of Portland, together with the appurtenances, and one undivided one half interest in the business of brewing and selling ale, porter and beer, and in the team with wagon and harness used about the brewery, and the good will of the business, for the sum of three thousand five hundred dollars. No definite time being agreed on for the payment of

said sum of money by defendant to plaintiff; but said partnership was to commence on the first of May, 1874; that said defendant was to have an equal voice and control in the management of the said business, and said plaintiff was to go on and complete at his own expense a part of the brewery building, since used for the bar, which was then in course of construction, and was to have said agreement reduced to writing on said first of May, 1874, the date on which said partnership was to have commenced. Said plaintiff was, by the terms of said agreement, to make, execute, and deliver to defendant on said date, a bond for a good and sufficient deed of warranty for one half of said block of land and one half of said brewery thereon. And said defendant alleges that said contract was one and entire, and that he has never paid any money thereon, and claims that the same is void by the statute of frauds.

Defendant also pleaded a counter-claim in this suit against said Scheland for compensation for services in superintending said brewery for the period of sixteen months, the time claimed by plaintiff to be covered by said partnership. Plaintiff alleges that he has always been willing, and now is, to comply with said agreement; and says further, "That upon the first of May, 1874, defendant proposed to go on with the business of the partnership, and that he, defendant, was then unable to comply with the contract for the sale of the real and personal property, but that he agreed to pay and allow plaintiff interest on said thirty-five hundred dollars from said first day of May; the purpose of defendant being, as he informed plaintiff, to pay the purchase-money so soon thereafter as he might become able, whether from the profits of the partnership or otherwise." Plaintiff denied "that the contract was entire or within the statute of frauds, and averred that each of the said several items of said contract a separate price was agreed upon," and said reply concluded with denials of defendant's counter-claim.

The case being at issue, the cause was referred, by the order of the court to J. J. Browne, esq. (by consent of the parties in open court), to take the testimony and report his

findings of fact and conclusions of law thereon, and after the said testimony had been regularly taken, the said referree duly reported finding that defendant was entitled to have plaintiff's suit dismissed, and a judgment against plaintiff for the sum of one thousand three hundred ($1,300) dollars, gold coin, and his costs and disbursements of suit, and the said report was duly confirmed in all respects by the court below and a decree was given dismissing plaintiff's suit, and a decree or judgment for defendant against plaintiff for the sum of one thousand three hundred ($1,300) dollars, gold coin, and his costs and disbursements of suit. From which decree of the said court, the appellant brings this appeal.

There are several questions presented in this case arising on the pleadings and evidence. The first, that we will notice is, could the equitable defense pleaded in this cross-bill be interposed to the action at law before mentioned? As has been before stated, a complete answer had been interposed to the action at law. The indebtedness was denied, to the whole claim for wages, and as to that part of the wages claimed after the first of May, 1874, a special answer was pleaded that the parties were then partners, and that whatever work was done after that time was done for the partnership, and not for Scheland, the defendant in the action.

The question of the existence of this partnership, if traversed, could be tried by a jury in the action at law, and was therefore a good defense; and Scheland had no need to avail himself of an equitable defense, and the motion of the plaintiff in the action at law, to strike out this cross-bill, should have prevailed. Such was held to. be the law in the case of *Dolph* v. *Barney*, 5 Or. 191. But the court overruled the motion to strike out this bill, and the same was allowed to stand as a defense to that part of Erpelding's claim which accrued after the first of May, 1874, and the action at law was allowed to proceed as to that part of plaintiff's claim accruing before that time. The plaintiff, Erpelding, obtained a judgment on that part of his claim, and the parties have acquiesced in this judgment.

If the parties had been allowed to proceed at law, and try the issue there tendered on the question of partnership, and it had been decided, as it afterwards was in this case, that there was no partnership, then Erpelding would have been able to obtain a judgment for his wages if found to be due. But as the parties have themselves abandoned that part of the action, and proceeded to make an issue, as to the partnership, and also as to the claim of Erpelding for wages in this equity proceeding two questions are presented: First, could a court of equity sustain this suit, coming before it as it did in the nature of a cross-bill? As we have before said we think this cross-bill should have been stricken out on motion, but the court having refused that motion, the plaintiff had his option to insist on his motion, and assign the overruling of the same as error; or do as he did, answer the same and let this part of his case proceed in equity.

This cross-bill is a bill to dissolve and settle an alleged partnership, and would have been a proper proceeding as a suit in equity had the issue of partnership in the action at law been found for Scheland, and that part of the claim of Erpelding thereby defeated; that is to say, the matters alleged in the bill are such as belong to the jurisdiction of a court of equity, and the same being before the court by proper pleadings, and the parties having appeared and submitted to the jurisdiction, we think the court had authority to hear and determine the question as to whether there was a partnership as alleged; and if such was found, to declare and settle it, if a sufficient case was made by the pleadings and the evidence. The next question is, could the court entertain and determine the merits of the counter-claim by Erpelding, and in case it was found there was no partnership, give a decree for wages as claimed in the counter-claim?

If the plaintiff in the cross-bill desired to exclude such a claim from consideration in the case, he should have demurred to it, which he did not do, and he thereby waived any irregularity in pleading the same and every objection except the want of jurisdiction of the court over the subject-matter of the thing in controversy. And we think that

the consideration of the matter of this indebtedness for work is such a thing as may be considered by a court of equity when the parties are present and consent to the submission of the matter to the court, and we think it is too late now to raise this objection, if it were a valid objection at any time, which question it is not necessary now to decide.

The court, having this case properly before it, referred the same to J. J. Browne, esq., to take the evidence and find the conclusions of fact and law therefrom, and said referee, after taking the evidence and finding his conclusions of fact and law, reported the same to the court, and the court affirmed the report and made a decree in accordance therewith.

The findings of fact by the referee are, we think, warranted from the testimony, and we shall consider them as the facts in the case, and they are about as follows: On the twenty-fifth day of April, 1874, plaintiff and defendant entered into an oral agreement to form a copartnership to carry on the brewing business, and for the sale by plaintiff to defendant for one undivided half of the plaintiff's brewery and the block of land on which it was situated, and some personal property specified in the contract. Defendant was to pay plaintiff as a consideration for said sale and copartnership the sum of three thousand five hundred dollars; and said agreement specified that said copartnership should commence on the first day of May, 1875. No time was stated in said agreement when said three thousand five hundred dollars should be paid, or as to how long the partnership should continue. The contract was never reduced to writing, or any part of the three thousand five hundred dollars ever paid.

On the first day of May, 1874, the parties began to carry on the business of the brewery together, and so continued for a period of about sixteen months, when the parties had a quarrel, and soon after, about the fifteenth of September, 1875, the defendant left the business and brewery in the possession of plaintiff. Before the defendant left, the plaintiff claimed to be the sole owner of the brewery, and

that he could control it as he pleased, and threatened to eject the defendant without a cent. From these facts it appears that the parties entered this partnership under this parol agreement, and were partners so far as their doings with third parties were concerned, and we think that the defendant might, by a proceeding in equity, and the tender of the money, have compelled the performance of the contract on the part of the plaintiff, provided he had, by entering on the same with the plaintiff, and continuing for sixteen months, become so involved in the business that he could not retire without loss to himself. But when the plaintiff claimed the brewery as his own, and threatened to not comply with the agreement, the defendant could take the alternative of retiring from the business, and rescinding the contract, and the plaintiff could not complain, for the contract being entire, and for one consideration, could not be severed by plaintiff without the consent of the defendant; that is, the defendant could insist on the performance of the whole contract; and if the plaintiff refused to convey the property to him, and threatened to turn him out, he could return and repudiate the partnership; and the plaintiff has no right to enforce against the defendant a contract which he has violated.

When the plaintiff claimed that he owned the brewery and could eject the defendant, he repudiated the partnership, and such repudiation necessarily went back to the time of its commencement, for if the defendant on the first of May was an owner in the brewery he still was on or about the fifteenth day of September, when the plaintiff claimed to own it all and threatened to assert his legal title, which he then held, and which, at law, would enable him to eject the defendant, and the defendant had the right to acquiesce, and not go into equity to compel a specific performance.

So we think that by the act of the plaintiff, the partly performed contract was rescinded, and became void as between the parties, as though it had never been entered upon, and as the plaintiff has sought the aid of a court of equity to settle this business, and it appears that he en-

abled the defendant to retire, and the cause being before the court, the court can settle the rights of the parties growing out of this business, and find for the defendant a just compensation for the time he served in the brewery of the plaintiff, which the referee has found to be one thousand three hundred and twenty dollars, which we think to be reasonable and just, and such will be the finding of this court, and the decree of the circuit court will be affirmed.