Argued February 11, decided March 9, 1909.

## STATE v. PUTNAM.

[100 Pac. 2.]

LIBEL AND SLANDER—CRIMINAL PROSECUTION—JUSTIFICATION - TRUTH.

1. Section 2170, B. & O. Comp., providing that the truth may be given in evidence in criminal prosecutions for libel, and shall constitute a defense if published in good faith for a justifiable purpose, changed the common-law rule that it was immaterial in criminal prosecutions for libel whether the matter charged as libelous was true or false.

LIBEL AND SLANDER—PROCEEDINGS BEFORE GRAND JURY—PUBLICA-
TION—TRUTH—EVIDENCE.

2. Defendant, a newspaper publisher, published an article attacking the members of a grand jury and the district attorney, stating that it took them but fifteen minutes to indict a friendless horse thief, a poor old woman, and a penniless forger, but that they spent three days on a charge against B. for assaulting the mayor of the city, and then justified the "murderous assault"; that the attorney was a relentless prosecutor of men who patronized slot machines, etc., "but any one can try to brain a man with an ax and secure immunity from the blind-folded representatives of justice." *Held*, that defendant on being prosecuted for criminal libel was entitled to show the nature and violence of the assault in question, and the character of the investigation thereof by the grand jury in order to establish the truth of the charges, which, under Section 2170, B. & O. Comp., declares shall constitute a defense if published with good motives and for justifiable ends.

GRAND JURY—PROCEEDINGS—SECRECY.

3. While the proceedings of a grand jury are generally secret, the court may remove the secrecy, and require the proceedings to be disclosed, if otherwise public justice will go unsatisfied.

From Jackson: HIERO K. HANNA, Judge.

The defendant, George Putnam, was convicted of criminal libel and from the judgment and sentence which followed, he appeals.                REVERSED.

For appellant there was a brief over the names of *Mr. William I. Vawter, Mr. E. E. Kelly* and *Mr. Robert G. Smith*, with an oral argument by *Mr. Smith*.

For the State there was a brief over the names of *Mr. Allen E. Reames*, District Attorney, *Mr. Andrew M. Crawford*, Attorney-General, and *Mr. B. F. Mulkey*, with oral arguments by *Mr. Crawford* and *Mr. Mulkey*.

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant is the owner and proprietor of a daily newspaper published at Medford, in Jackson County.

In the issue of his paper of December 19, 1907, there appeared the following article, written and published by him:

"A proceeding calculated not only to bring into popular contempt, local administration of justice, and punishment of crime, but to force every man to take into his own hands the protection denied under legal process, has just been enacted in Jacksonville by the grand jury and Deputy District Attorney C. L. Reames. These officers sworn to enforce the law have practically justified one man in attempting to kill another with an ax. Last week W. S. Barnum tried to kill Mayor J. F. Reddy. There were only two witnesses to the assault, and the events leading up to it, besides the principals. One of these witnesses was out of town and did not appear before the grand jury. The other one, the editor of this paper, did. The defendant in the case was summoned before the jury and at his request a number of his friends were also called before it. In brief the prosecutor and grand jury proceeded to try the case, which should have been left to a trial jury, and in spite of the facts voted not to bring in a true bill. There is no doubt in the world that W. S. Barnum in a fit of insane rage tried to kill J. F. Reddy with an ax, struck at him, chased him, and threw the ax at his head. That he did not spilt Dr. Reddy's head open was not Mr. Barnum's fault. He did his best. And the attack was not in self-defense, but unprovoked and wanton. The grand jury is composed of the following men: Wallace Woods, Joel Hartley, J. R. Robison, C. H. Vaupel, Adam Schmidt, T. E. Pottenger, J. L. Garvin. It took them just 15 minutes to indict a friendless horse thief, a poor old woman, and a penniless forger. They spent three days on the Barnum case and then justified the murderous assault. Deputy District Attorney Reames is a most relentless prosecutor, when a man drops a nickel in the slot machine or takes a drink on a Sunday or a poor fallen creature is caught sinning. Such heinous crimes must be punished, they are dangerous at once to life and limb. But any one can try to brain a man with an ax and secure immunity from the blindfolded representatives of justice."

On the 21st of the same month the grand jury referred to in the publication returned an indictment against defendant, charging him with criminal libel by publishing the following part of such article:

"The grand jury is composed of the following men: Wallace Woods, Joel Hartley, J. R. Robison, C. H. Vaupel, Adam Schmidt, T. E. Pottenger, J. L. Garvin. It took them just fifteen minutes to indict a friendless horse thief, a poor old woman, and a penniless forger. They spent three days on the Barnum case and then justified the murderous assault. Deputy District Attorney Reames is a most relentless prosecutor, when a man drops a nickel in the slot machine or takes a drink on a Sunday, or a poor fallen creature is caught sinning. Such heinous crimes must be punished, they are dangerous at once to life and limb. But any one can try to brain a man with an ax and secure immunity from the blindfolded representatives of justice."

A demurrer to the indictment was overruled, and defendant entered a plea of not guilty. He was tried and convicted, and appeals, assigning error in the admission and rejection of evidence, and in the giving and refusing of certain instructions.

1. It is unnecessary to notice the several assignments of error in detail. It is sufficient, for the purpose of this appeal, that the defendant sought to prove that the matters charged as libelous were true. For that purpose he called as witnesses Oswald West and Lewis Ulrich, both of whom were present at the time of the difficulty alluded to in the indictment between Barnum and Reddy, and offered to show by them that Barnum did in fact commit an assault upon Reddy with an ax, but the court refused such testimony, holding that such inquiry was not pertinent to the case then on trial, but concluded by the determination of the grand jury.

2. The court also refused to allow defendant to inquire into the scope and character of the investigation made by the grand jury of the alleged difficulty, either by cross-examination of the individual grand jurors or by other

evidence, but confined the testimony to the question whether the matter was, in fact, before the grand jury, how it proceeded, and whether in the opinion of the individual jurors they gave the case a fair and honest investigation and acted conscientiously on the evidence before them. Both of these rulings were in our opinion error. Under the common law it was immaterial in criminal prosecutions for libel whether the matter charged as libelous was true or false. Its effect on the public and individuals was supposed to be the same in either case, and therefore the truth was no defense. 2 Bishop, Crim. Law, § 918. But this rule has been changed by statute, and it is now provided in most jurisdictions, as it is here, that in all criminal prosecutions for libel the truth may be given in evidence and is a complete defense if it further appears that the publication was under such circumstances as to justify the conclusion that it was made with good motives, and for justifiable ends. Section 2170, B. & C. Comp.; Townsend, Libel and Slander, § 211.

3. The defendant, therefore, had a clear right under the statute to show, if he could, that the charges made by him against the grand jury and deputy district attorney were true, and it seems to us that evidence of the nature and violence of the assault, if any, made by Barnum upon Reddy, and the character of the investigation thereof by the grand jury, were both pertinent to such defense, and proper matters for the consideration of the trial jury under the instructions of the court. It is true that proceedings before a grand jury are generally regarded as secret, yet, when the claims of public justice must go unsatisfied, unless disclosure is made, the court is authorized to remove the secrecy and require the proceedings to be disclosed. *State* v. *Moran*, 15 Or. 262 (14 Pac. 419) ; *United States* v. *Farrington* (D. C.), 5 Fed. 343; *Jones* v. *Turpin*, 53 Tenn. 181; *Burdick* v. *Hunt*, 43 Ind. 382. The court in making the

ruling complained of probably proceeded on the theory, as the State's counsel does in this court, that the only libelous matter contained in the publication set out in the indictment is an imputation that the grand jury and deputy district attorney acted dishonestly, and from fraudulent motives in their investigation of the alleged assault. But the indictment does not so charge, nor did the court confine the inquiry of the jury to that point. The indictment sets out a certain part of the publication in full, and then alleges that it is false and scandalous, and therefore libelous, and the court in its instructions submitted the entire question to the jury.

In this view, it is clearly competent for the defendant to show that the statements made by him and set out in the indictment were in fact true, and because he was denied this right the judgment must be reversed, and a new trial ordered.                                    REVERSED.

---

On rehearing, former opinion withdrawn and affirmed as to costs.
Decided March 9, 1909.