JOSEPH C. RICHARDSON v. JOHN KOTEK.

JULIA RYAN v. JOHN KOTEK.[1]

November 14, 1913.

Nos. 18,206, 18,207—(52, 53).

**Title to action — amendment.**
1. An action brought by a guardian in behalf of his ward *held* improperly entitled, but the defect may be disregarded or an amendment ordered by the trial court.

**Liability of guardian.**
2. The action did not involve the personal liability of the guardian for the breach of the contract set forth in the complaint, and the judgment therein in favor of the ward will not affect such liability, if any exists.

**Joint contract to convey realty.**
3. A contract by the holder of the fee title to real property, and the holder of the life estate, to convey the property, including both estates, *held* a joint contract to be enforced as to both or not at all.

**Specific performance denied — incompetent party.**
4. The holder of the life estate was an incompetent person and was represented by a guardian who as such joined in the contract, subject to the approval of the probate court. The court refused to confirm the sale. *Held* that the contract being the joint obligation of the vendors, and not enforcible as to the incompetent party, was properly set aside as to both.

Two actions in the district court for Rice county, one by the guardian of Margaret Buckley, incompetent, and the other by Julia Ryan, against the same defendant. The cases were tried together upon stipulated facts before Childress, J., who made findings and ordered judgments in favor of plaintiff. From orders denying defendant's motions for a new trial, he appealed. Affirmed.

*Moonan & Moonan,* for appellant.
*Robert Mee,* for respondent.

[1] Reported in 143 N. W. 973.

BROWN, C. J.

These two actions, involving the same controversy, were tried together in the court below, resulting in an order for judgment in favor of the plaintiff in each. Defendant appealed from separate orders denying a new trial.

The facts are as follows: Julia Ryan, at the time of the transaction in question, was and still is the owner of the fee title to certain real property, subject to the life estate of Margaret Buckley, who by reason of mental infirmities is incompetent to manage her affairs and was represented by a guardian. In June, 1911, Mrs. Ryan, acting in her own behalf, and Joseph C. Richardson, as guardian of Mrs. Buckley, entered into an executory contract with defendant in which they agreed to sell and convey said property to him for the consideration therein named, the sale and conveyance to include both the fee title of Mrs. Ryan and life estate of Mrs. Buckley. Defendant, under and pursuant to the contract, entered into the possession of the property and now holds the same. The contract has never been performed by either party, for the reason that the probate court, to which the contract was presented for approval so far as the rights of Mrs. Buckley were concerned, made an order disapproving the sale, and the guardian was thereby prevented from completing the contract.

The first action above entitled was brought by the guardian for and on behalf of his ward, Mrs. Buckley, to recover the possession of the property, and was founded upon the refusal of the probate court to confirm the sale, in consequence of which it is claimed the contract became invalid and unenforcible.

The second action was by Mrs. Ryan to set the contract aside, on the theory that it was the joint obligation of both vendors, and since by the action of the probate court it could not be performed as to one of the parties, Mrs. Buckley, it should fail as to both.

The trial court sustained the contention of both plaintiffs, and ordered judgment in favor of Mrs. Buckley for the possession of the property, and judgment for Mrs. Ryan canceling the contract.

1. The first action was entitled, "Joseph C. Richardson, as guardian, * * * plaintiff," when the title should have been, "Margaret

Buckley, an incompetent person, by Joseph C. Richardson, her guardian." Perine v. Grand Lodge A. O. U. W. 48 Minn. 82, 50 N. W. 1022. But this defect was technical error only, and may be disregarded, or the court below may order an amendment when the cause is remanded. The allegations of the complaint make it clear that the action was solely in the interests and on behalf of Mrs. Buckley, and the defective title is of no serious importance.

2. The point made by defendant in this action is that, where a guardian enters into a contract for the sale of property belonging to his ward, and is prevented from completing the contract by an order of the court having jurisdiction of the ward's estate, the guardian may be personally liable in damages to the vendee as for a breach thereof, and that by the judgment of the court in effect annuling the contract by awarding the possession of the property to the ward, the guardian's personal liability was also determined. We do not stop to consider the question whether the guardian may be personally liable in such a case. The question is not presented. We hold, however, that the present action in no way involved his personal liability, if any such exists, but the rights only of his ward. Therefore the judgment to be rendered in the action will in no way bar an action against the guardian, if a cause of action exists against him.

3. The only question in the second action is whether the contract of sale was an entire and inseparable agreement to convey the property to defendant, including both the fee title and the life estate, to be enforced as to both vendors or not at all. We sustain the trial court in its conclusion that the contract is enforcible as an entirety only. It was the joint contract of both vendors, and they jointly covenanted and agreed to convey their interests in and to the property for the consideration of $4,000. While it is true that their interests in the land are separate and independent and could have been separately sold or conveyed, yet the contract taken as a whole, and viewed in the light of the conditions surrounding the parties, clearly justifies the conclusion that all parties intended and expected the entire estate to pass to defendant upon payment of the purchase price. It was known to them that the life estate of Mrs. Buckley

could not be sold without the approval of the probate court, and the contract expressly required the guardian to apply for and obtain its approval. This the court refused to grant. The purchase price was not apportioned, and it was agreed between the guardian and Mrs. Ryan that when paid it should remain with the guardian and the income therefrom paid to Mrs. Buckley as and for her support during the remainder of her life; the entire amount, $4,000, being at her death payable to Mrs. Ryan. While the stipulation for the retention of the purchase money by the guardian as just mentioned was not included in the contract of sale, it was presented to the probate court in connection with the application for an order approving the sale, an order the contract expressly required should be obtained, and the fact is proper evidence as tending to throw light upon the question of the intent of the transaction. It is clear that Mrs. Ryan could not be compelled to accept for her interest in the land the agreed purchase price less the value of the life estate, for that was not the bargain made; nor could defendant be compelled to pay her the full amount, since the life estate cannot be conveyed to him and he would have no right of possession until after the death of Mrs. Buckley. So taking the transaction as a whole together with the subject matter and the situation of the parties, we think the conclusion stated is the only one consistent with the intention of the parties.

The case is unlike those where the husband alone contracts to convey land owned by him, to which the wife subsequently refuses her assent, in which it has been held that the contract may at the option of the vendee be enforced as to the interests of the husband, deducting from the purchase price the value of the wife's interest in the land. Nor is it like those cases where a cotenant undertakes without authority to make a sale not only of his own interest in land but that of his co-owner as well, and the co-owner repudiates the contract. In a case of that kind no question can arise respecting the question whether the parties intended the contract to be the joint act of all owners of the property, for one of the joint owners without right or authority assumes the right to sell the whole estate, and his act is repudiated by his co-owners. In a situation of that kind the

vendee is properly permitted to exercise the option of taking the title of the contracting party at a proper proportion of the contract price. In a case like that at bar where both owners join in the contract, the question whether the contract is entire, indivisible, enforcible as to both, or not at all, is one of intention, to be gathered from the contract, the subject matter, and the situation of the parties. 7 Am. & Eng. Enc. (2d ed.) 95; Dugan v. Anderson, 36 Md. 567, 11 Am. Rep. 509; Alcott v. Hugus, 105 Pa. St. 350; Scheland v. Erperling, 6 Ore. 258.

Order affirmed in each case.