IN THE MATTER OF THE APPLICATION OF THE PHIL-
LIPSBURG NATIONAL BANK AND TRUST COMPANY,
AS GENERAL GUARDIAN OF CARL BEIER, AN AL-
LEGED INCOMPETENT, FOR SALE OF LANDS.

Superior Court of New Jersey
Chancery Division

Decided January 9, 1958.

*Mr. Thomas C. Swick,* attorney for guardian.

SULLIVAN, J. S. C.  ■■ Can a sale of incompetent's lands by his guardian be confirmed after the incompetent has died? The situation grows out of the following recital of facts. On October 17, 1956 Carl Beier was adjudicated incompetent by this court and a guardian was duly appointed for him. In June 1957 the guardian filed suit for leave to sell certain real estate owned by the incompetent and obtained a judgment for sale which also provided that before executing any deed for said property the guardian was to report the sale to this court for its confirmation. On November 27, 1957 the guardian sold said real estate to one Jacob Bugen at public sale. The memorandum of sale signed by the guardian and the buyer recites that the sale is subject, however, to the approval and confirmation of this court. On December 3, 1957 the guardian filed its report of sale and noticed it for confirmation on January 10, 1958. Before the hearing could be had, and on December 29, 1957, the incompetent died. May the sale now be confirmed and the guardian directed to execute a deed for the property? Clearly not. Upon the ward's death, all of the guardian's powers and duties cease, except the obligation to account and to turn over assets.

6 *N. J. Practice (Clapp, Wills and Administration)*, *sec.* 600, states:

"The death of the ward terminates the powers and duties of his guardian, except to account and turn over to his personal representatives the balance in the guardian's hands."

39 *C. J. S. Guardian and Ward* § 41, *p.* 61, states:

"The death of the ward necessarily terminates the guardianship, and thereupon all powers and duties of the guardian cease, except the duty, which remains, to make a proper accounting and settlement in the probate court."

Title to the real estate was in the incompetent during his lifetime, and upon his death passed either to his heirs at law or the devisees under his will. A deed executed by the guardian of an incompetent, after the incompetent's death,

would convey nothing since the title would have already vested in the heirs or devisees. This very question has been passed upon in the case of *Easterline v. Bean*, 121 *Tex*. 327, 49 *S. W. 2d* 427 (*Sup. Ct.* 1932). In that case the incompetent died after his guardian had sold the property but before the sale had been confirmed. Thereafter, the court entered an order confirming the sale and the guardian executed and delivered a deed for the property. The heirs of the deceased incompetent then brought suit challenging the title of the grantee of the guardian's deed. It was determined by the Supreme Court of Texas that the guardianship was terminated by the death of the ward and that the court had no jurisdiction to confirm a sale after the incompetent had died.

The situation is not comparable to where the owner of real property enters into a contract of sale and then dies before executing a deed. In such situation, the other party may enforce the contract against the owner's estate, the theory being that equitable title to the property vests in the vendee as soon as the contract was executed, subject, however, to a lien in favor of the vendor for the unpaid purchase price. *Coles v. Feeney,* 52 *N. J. Eq.* 493 (*Ch.* 1894); *Righter v. First Reformed Church of Boonton,* 17 *N. J. Super.* 407 (*Ch. Div.* 1952). Such contracts, therefore, are enforceable, even though one of the parties thereto may die before performance is had.

In the present application, however, the sale by the guardian was expressly conditioned on the court's approving it and confirming it. (See *R. R.* 4:84–4). Until confirmation was had, therefore, the sale was unenforceable, and the death of the incompetent before it could be submitted to the court for confirmation operates as a bar to any further proceedings to complete such sale.

The application to confirm sale will be denied and a judgment of dismissal will be entered.